Fourth Appellate Department, September, 1899. Reported. 43 App. Div. 622.

In the Matter of the Petition of A. H. LEET, for an Order Revoking and Cancelling Liquor Tax Certificate No. 1, issued to JOHN KING.

This was an appeal from an order denying a motion to revoke and cancel a liquor tax certificate issued to John King of the town of Covert, Seneca county, N. Y. The town of Covert voted in favor of a license at a town meeting held February 11, 1896. King made application to and received from the excise board of the town of Covert a license to traffic in liquors, which license was to expire May 1, 1896. Said King trafficked in liquors in said town up to May 1, 1896. From May 1, 1896, to May 1, 1897, said King trafficked in liquor under a license obtained by him pursuant to Liquor Tax Law. At the annual town meeting held in Covert February 9, 1897, the town of Covert voted in the negative upon all of the local option questions of section 16 of said act, except as to the selling of liquors by a pharmacist on a physician's prescription. Thereafter and on February 14, 1899, the town voted in favor of all four propositions submitted. Thereafter the said King made application for and obtained liquor tax certificate. He obtained no consents from any of the eight owners of buildings used exclusively as dwellings within two hundred feet of the premises licensed, claiming that such consents were unnecessary. It appeared that after the town of Covert had voted no license, and after May 1, 1897, said King vacated the premises where he had been conducting a saloon and went to

reside at East Varick, where he conducted a hotel for nearly two years. His family went with him and the premises at Covert were used as a repair shop and small store, and for two years or more no traffic in liquors was carried on at said premises in Covert. The premises at Covert were owned by said King's wife.

*John A. Milne,* attorney for petitioner.

Where the business of one proprietor is closed up and no resumption attempted for sixty days by his successor, the privilege which the law grants must be regarded as surrendered. People ex rel. Bagley v. Hamilton, 25 App. Div. 428.

If an abandonment for two months, as in the case of People ex rel. Bagley v. Hamilton (*supra*), does not work a forfeiture of the privilege conferred by statute, then an abandonment for a much longer time would not have that effect. The Legislature could not have intended that the protection sought to be given to our schools and churches should be of such little value. People v. Murray, 148 N. Y. 171; People v. Board, 7 Misc. Rep. 415; People v. Lammerts, 18 Misc. Rep. 343; In re Ritchie, 18 Misc Rep. 341; In re Zinzow, 18 Misc. 653; In re Korndorfer, 49 Supp. 559.

If after the traffic in liquors in Covert had been discontinued by the local option vote, a church or school house had been built within two hundred feet of King's property, it cannot be contended that he could return twenty years after and open up business, simply because he had a license on March 23, 1896. The Legislature never intended such a construction of the Liquor Tax Law. A thing which is within the intentions of the makers of a statute is as much within the statute as if it were within the letter. Riggs v. Palmer, 115 N. Y. 506.

*Charles A. Hawley,* attorney for King.

The appeal should be dismissed, because King's certificate had expired by its own limitation before the appeal herein was taken, and therefore cannot be revoked by any order now to be made. The order appealed from should be affirmed because it appears that King never held the tax certificate assailed by petition herein.

Neither the certificate holder nor the premises on which the liquor traffic is carried on lose the benefit of the exception provided in statute by reason of fact that under the compulsion of the Liquor Tax Law and the vote of the people of the town, the traffic has been temporarily suspended for two years. None of the cases cited by the appellant was a case of voluntary abandonment. That which the words declare is the meaning of the instrument, and the courts have no right to add or take away from that meaning. (Black on Interpretation of Laws, Sec. 8.)

If a statute is open to more than one construction that should be adopted which will not work private hardship. Black, Sections 46, 47.

Appeal dismissed, without costs. All concurred.